**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 1:21-CR-291** |
| | ) | |
| **ALBUQUERQUE COSPER HEAD** | ) | |

**DEFENDANT'S RESPONSE TO COURT**

Albuquerque Head, through counsel, respectfully submits this response to the Court's Minute Entry, dated September 21, 2021.

On March 15, 2021, the government filed a Memorandum in Support of Detention for co-defendant Sibick. *See* ECF Doc. 8. Throughout the Memorandum are screenshots of video footage from the U.S. Capitol on January 6, 2021. Counsel for the Press Coalition sought the release of these videos. After input from counsel, this Court ordered the release of certain videos but denied the request to others. *See* Minute Entry, July 6, 2021[1].

Similarly, on April 28, 2021, the government filed a Memorandum in Support of Detention for Mr. Head. *See* ECF Doc. 32. This Memorandum contains many of the same screenshots referenced in the Memorandum of Sibick. *See* ECF Doc. 32 at pgs. 7, 10-11. On September 16, 2021, Counsel for the Press Coalition filed petition requesting the public release of the videos referenced in Mr. Head's Memorandum in Support of Detention. *See* ECF Doc. 67. Pursuant to Standing Order No 21-28, the presiding judge may seek the position of the parties before determining whether the release is appropriate.

Mr. Head understands the general and long-standing presumption in favor of public access to judicial records. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *Nixon v.*

---

[1] Counsel for Mr. Head filed a response to the Press Coalition's initial request [Doc. 51] and took no position on the release of the videos that were part of that request.

*Warner Communications, Inc.*, 435 U.S. 589 (1978); *United States v. Hubbard*, 650 F.2d 293 (D.C.

Cir. 1980) (creating the *Hubbard* test). This identical issue was examined in *United States v.*

*Jackson*, 1:21-MJ-115 and the *Hubbard* test was employed. The District Court weighed all of the

*Hubbard* factors and overwhelmingly determined that public access to the videos was appropriate.

*See* 1:21-MJ-115, ECF Doc. 24. Additionally, it would appear that the videos sought are the same

videos this Court previously ordered denied in its Minute Entry from July 6, 2021 because the

videos are not "judicial records" and had not been previously provided to the Court.

   As a result, Mr. Head takes no position on the relief sought by the Press Coalition in Doc.

67.


       RESPECTFULLY SUBMITTED:

       FEDERAL DEFENDER SERVICES OF
       EASTERN TENNESSEE, INC.

   BY:  s/ *G. Nicholas Wallace*
       G. Nicholas Wallace
       ASB No. 6992D56F
       Federal Defender Services
       of Eastern Tennessee, Inc.
       219 West Depot Street, Suite 2
       Greeneville, TN  37743
       (423) 636-1301


## CERTIFICATE OF SERVICE

   I hereby certify that on September 27, 2021, a copy of the foregoing Response was filed
electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system
to all parties indicated on the electronic filing receipt.  All other parties will be served by regular
U.S. mail.  Parties may access this filing through the Court's electronic filing system.

      s/ *G. Nicholas Wallace*