UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:21-CR-291-002 |
| | ) | |
| ALBUQUERQUE COSPER HEAD | ) | |

**NOTICE OF DEFENDANT'S POSITION REGARDING PRESENCE AT RESTITUTION HEARING AND REQUEST FOR RESTITUTION HEARING TO BE CONDUCTED BY VIDEO**

Defendant Albuquerque Head, by and through counsel, provides the following notice and request to this Honorable Court regarding a restitution hearing:

1. A sentencing hearing took place on October 27, 2022, whereby Mr. Head was sentenced to a term of imprisonment of 90 months, followed by 3 years of supervised release. The Court further imposed restitution of $2,000[1] but also deferred a final restitution order at the Government's request[2]. A final restitution hearing was scheduled for December 16, 2022, at 9:30am[3], along with a briefing scheduled for the parties in advance of that final hearing.

2. Counsel for Mr. Head objected to the deferral of restitution, citing, amongst other things, concerns that the additional hearing would prevent Mr. Head's expedient transfer to the Bureau of Prisons (hereinafter "BOP").

3. In response, the Court asked counsel or Mr. Head confer with the defendant to determine if he would like to waive his presence at the restitution hearing, which

---

[1] Pursuant to a written plea agreement, the parties had previously agreed to a total restitution amount of $2,000. *See* Doc. 123, pg. 9-10.
[2] The Government's request to defer restitution for up to 90 days is detailed in its sentencing memorandum, Doc. 159, pg. 58.
[3] This hearing was scheduled in conjunction with the already scheduled restitution hearing in *U.S. v. Kyle Young*, 1:21-cr-291-003, a co-defendant to Mr. Head with the same unresolved restitution issue.

would give the Court the ability to order Mr. Head's immediate transfer to a BOP facility. The Court further asked counsel to provide notice of Mr. Head's decision once it was determined.

4. Counsel for Mr. Head has since spoken to Mr. Head about his right to be physically present for the restitution hearing in December. With that in mind, Mr. Head waives his right to be physically present but would like to be present via video/telephonic conferencing, so long as it is practicable and to the extent that it does not impede his immediate transfer to a BOP facility.

5. Also at the sentencing hearing, counsel requested that the restitution hearing be conduct via video. This was not opposed by the Government. A video hearing would avoid the need for overnight travel for counsel and would aid in the ability for Mr. Head to be present wherever he may be located at the time.

In consideration of the foregoing, counsel for Mr. Head provides the requested notice to this Court regarding his waiver of physical presence at the restitution hearing and further requests that the currently scheduled restitution hearing be conducted by video.

RESPECTFULLY SUBMITTED:

FEDERAL DEFENDER SERVICES OF
EASTERN TENNESSEE, INC.

BY: s/ *G. Nicholas Wallace*
G. Nicholas Wallace
ASB No. 6992D56F
Federal Defender Services of
Eastern Tennessee, Inc.
800 South Gay Street, Suite 2400
Knoxville, TN  37929
(865) 637-7979

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 5, 2022, a copy of the foregoing Notice was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                        s/ *G. Nicholas Wallace*