UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:21-CR-291-002 |
| | ) | |
| ALBUQUERQUE COSPER HEAD | ) | |

**ALBUQUERQUE HEAD'S RESPONSE THE COURT'S MINUTE ORDER ON DECEMBER 13, 2022 REGARDING RESTITUTION**

Defendant Albuquerque Head, through counsel, respectfully submits this response to the Court's minute order, dated December 13, 2022.

The Court seeks input into the conundrum regarding the imposition of mandatory restitution, pursuant to 18 U.S.C. § 3663A, on Mr. Head who has pleaded guilty (and sentenced) pursuant to a plea agreement that stipulated to a total amount of restitution of $2,000 for property damage to the U.S. Capitol, but that did not contemplate additional losses suffered by an identifiable victim.

For the reasons outlined below, the mandatory provisions of 18 U.S.C. § 3663A do not apply to a conviction for 18 U.S.C. § 111(a). Furthermore, the listed victim in the indictment renounced a claim of restitution and his former employer is not a "victim" as defined by § 3663A.

**A. 18 U.S.C. § 111(a)(1) is not a crime of violence.**

Title 18, Section 3663A of the United States Code calls for mandatory restitution in all sentencing proceedings for convictions that are:

(i) A crime of violence, as defined in section 16;
(ii) An offense against property under this title, or under section 416(a) of the Controlled Substances Act, including any offense committed by fraud or deceit;

      (iii)    An offense described in section 3 of the Rodchenkov Anti-Doping Act of 2019;
      (iv)    An offense described in section 1365 (relating to tampering with consumer products); or
      (v)    An offense under section 670 (relating to theft of medical products)…

§ 3663A(c)(1)(A).

The only plausible connection between the case before the Court and this statute is that a conviction for 18 U.S.C. § 111(a)(1) is a crime of violence. A crime of violence is defined as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 16, *Johnson v. United States*, 559 U.S. 133, 140 (2010). To determine if a conviction qualifies as a crime of violence, the categorical approach is employed that looks beyond the facts at hand but rather how the offense is defined by law. *United States v. Singleton*, 182 F.3d 7, 13 (D.C. Cir. 1999), *Mathis v. United States*, 136 S. Ct. 2243, 2250 (2016). However, if a statute is divisible, the court then will use the "modified categorical approach," which allows the court to look at a narrow set of documents to "determine what crime, with what elements" the defendant is charged with. *Mathis*, 136 S.Ct. 2243, 2249 (2016) (quoting *Shepherd v. United States*, 544 U.S. 13, 26 (2005)).

Section 111(a)(1) of Title 18 of the United States Code provides that whoever "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any [designated federal officer] while engaged in or on account of the performance of official duties . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both."

To be convicted, a person must: "(1) forcibly; (2) assault, resist, oppose, impede, intimidate, or interfere with; (3) a designated federal officer; (4) while engaged in or on the account of the performance of official duties." *United States. v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002). The adverb "forcibly" modifies all the prohibited acts in the second element—i.e., forcibly assault, forcibly resists, forcibly opposes, etc. *See United States v. Heid*, 904 F.2d 69, 71 (D.C. Cir. 1990).

Subsection (b) of § 111 provides for an enhanced penalty when "the commission of any of the acts in subsection (a)" involves the use of a "deadly or dangerous weapon…or inflicts bodily injury. There should be little argument that the statute is divisible and that a conviction under § 111(a) does not qualify as a crime of violence. *See United States v. Bullock*, 970 F.3d 210, 214 (3d Cir. 2020) (collecting Circuit cases that hold § 111(a) and (b) are divisible). None of its elements require the expenditure of violent physical force because, by its plain text, the offense can be committed merely through "resist[ing], oppos[ing], imped[ing], intimidat[ing], or interfer[ing]" with federal officers.

While "forcibly" modifies all the prohibited acts in the second element, courts have found that modifier is basically meaningless—"forcibly" does not actually require "any particular level of force." *See*, *e.g., United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014). "In fact, 'a defendant may be convicted of violating section 111 if he or she uses any force whatsoever." *Id.* (*quoting United States v. Sommersedt*, 752 F.2d 1494, 1496 (9th Cir. 1985)); *see also United States v. Cunningham*, 509 F.2d 961, 963 (D.C. Cir. 1975) (noting that "some measure of presently applied force is required"—"presumably. . . mere refusal to unlock a door through which federal agents sought entrance" would not be sufficient—but the question of how much force is required is "a troublesome question of degree"); *Burke v. United*

*States*, 400 F.2d 866, 867-68 (5th Cir. 1968) (affirming jury instruction that an "assault may be committed without actually touching, striking, or committing bodily harm to another.").

Accordingly, a number of courts have upheld convictions pursuant to section 111(a) based on non-violent conduct. *See United States v. Stoddard*, 407 Fed. App'x 231, 233-34 (9th Cir. 2011) (spitting in correction officer's face); *United States v. Ramirez*, 233 F.3d 318, 322 (5th Cir. 2000) (throwing cup of urine/feces mixture at officer); *United States v. Taliaferro*, 211 F.3d 412, 413, 415-16 (7th Cir. 2000) (throwing urine in guard's face); *United States v. Hightower*, 512 F.2d 60, 61 (5th Cir. 1975) (grabbing wildlife agent's jacket); *United States v. Frizzi*, 491 F.2d 1231, 1231-32 (1st Cir. 1974) (spitting in mail carrier's face); *United States v. Fernandez*, 837 F.2d 1031, 1033 (11th Cir. 1988) (chasing prosecutor down the street and bumping into him).

In *(Curtis) Johnson v. United States*, 559 U.S. 133 (2010), the Supreme Court interpreted the phrase "physical force" to require "violent force—that is, force capable of causing pain or injury to another person." *Id.* at 140 (emphasis in original). It also made clear that "offensive touching" is insufficient to satisfy the physical force element. *See id.* at 139. Spitting on another or throwing urine in their face are paradigmatic examples of merely offensive touching that is incapable of causing physical injury. *See United States v. Jones*, 914 F.3d 893, 905-06 (4th Cir. 2019) (finding that "an attempt to touch another in a rude or angry manner, such as spitting at another," does not require violent physical force). Because of this, § 111(a) categorically fails to qualify as a crime of violence. *See Dominguez-Maroyoqui*, 748 F.3d at 921 (holding that § 111(a) is not a crime of violence

under the almost identically worded force clause of U.S.S.G. § 2L1.2)[1]; *cf. United States v. Bennett*, 863 F.3d 679, 681 (7th Cir. 2017) (Posner, J.) (holding Indiana's resisting law enforcement, which is virtually identical to § 111(a), does not satisfy the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i))[2].

### B. The former employer of the Victim is not entitled to restitution.

Title 18, Section 3663A of the United States Code defines "victim" entitled to mandatory restitution as:

> "a person directly *and* proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

18 U.S.C. § 3663A(a)(2).

In this case, the listed victim in the indictment is M.F., a former law enforcement officer with the Metropolitan Police Department (hereinafter "MPD) in Washington D.C. ECF 1. We now know from the PSR that the listed victim has renounced any claim for restitution. PSR, ¶ 37. In his place, the Government seeks to collect restitution on behalf of the victim's former employer.

The plain language of the statute is instructive here. Specifically, that the term "victim" is the person that was directly harmed as a result of the offense. § 3663A(a)(2). Further, subsection (3) clarifies that "the court shall also order, if agreed to by the parties

---

[1] Under U.S.S.G. 2L1.2's elements clause, a "crime of violence" includes "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."

[2] The Armed Career Criminal Act's elements clause includes any felony offense that "has an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i).

in a plea agreement, restitution to persons other than the victim of the offense. *Id*. at (a)(3). Little case law exists that suggest a former employer is an intended "victim" of § 3663A that is entitled to restitution in place of the actual victim. *See United States v. Donaby*, 349 F.3d 1046 (7th Cir. 2003) (restitution ordered to police department for damage to police car during chase after a robbery); *United States v. Washington*, 434 F.3d 1265 (11th Cir. 2006) (restitution ordered to police department and condominium association that received damage during flight of defendant after robbery); *United States v. Dailey*, 189 Fed. Appx. 212 (4th Cir. 2006) (no restitution ordered to task force for broken recording device during controlled buy).

Here, the parties agreed that the total amount of restitution was $2,000. The Department of the Treasury was listed as the payee. Because MPD is not a "victim" in terms of § 3663A and the parties did not otherwise agree, they are not owed mandatory restitution. The plea agreement further clarifies that the agreement does not indemnify Mr. Head from any future civil claims associated with the offense, which appears to be more appropriate recourse for MPD. *See* Plea Agreement, ECF 123, ¶ 13.

In conclusion, Mr. Head submits that restitution pursuant to 18 U.S.C. § 3663A is not mandatory in this case for the reasons outlined above and in previous filings. This submission is further intended to comply with the Court's minute order entered on December 13, 2022.

    RESPECTFULLY SUBMITTED:

    FEDERAL DEFENDER SERVICES OF
    EASTERN TENNESSEE, INC.

    BY: s/ *G. Nicholas Wallace*
    G. Nicholas Wallace
    ASB No. 6992D56F

Federal Defender Services of
Eastern Tennessee, Inc.
800 South Gay Street, Suite 2400
Knoxville, TN  37929


**CERTIFICATE OF SERVICE**

    I hereby certify that on December 15, 2022, a copy of the foregoing Defendant's Restitution Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                         s/ *G. Nicholas Wallace*