UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALBUQUERQUE COSPER HEAD,<br>KYLE JAMES YOUNG<br><br>**Defendants.** | Case No. 21-CR-291-2 & 3-ABJ |

### GOVERNMENT'S RESPONSE TO THE COURT'S MINUTE ORDER ISSUED ON DECEMBER 13, 2022

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's Minute Order issued on December 13, 2022. For the reasons set forth below, the government is withdrawing its request for additional restitution.

### I.   RELEVANT BACKGROUND

On December 5, 2022, the government filed its Restitution Memorandum requesting that defendants Albuquerque Head and Kyle Young be ordered to pay restitution to the Metropolitan Police Department (MPD). *See* ECF No. 173. On December 12, both defendants filed their replies to the government memorandum. *See* ECF No. 175, 176. On December 13, the Court issued the following Minute Order:

> 18 U.S.C. § 3663A mandates that the Court must order restitution to victims of certain crimes, including crimes resulting in bodily injury to a victim. It is ordered that the parties must file supplemental submissions regarding restitution by 5:00 pm Thursday, December 15, 2022, addressing the fact that neither defendant's plea agreement refers to restitution other than in connection with the damage to the Capitol building, and given the terms of the plea agreement, the Rule 11 colloquy with each defendant did not address restitution to the victim police officer as a component of the sentence.

**II.     DISCUSSION**

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, requires that the Court shall order restitution in certain categories of offenses, namely, the following:

> **(i)**   a crime of violence, as defined in section 16;
> **(ii)**  an offense against property under this title, or under section 416(a) of the Controlled Substances Act (21 U.S.C. 856(a)), including any offense committed by fraud or deceit;
> **(iii)** an offense described in section 3 of the Rodchenkov Anti-Doping Act of 2019;
> **(iv)**  an offense described in section 1365 (relating to tampering with consumer products); or
> **(iv)**  an offense under section 670 (relating to theft of medical products); and
>
> **(B)** in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.

18 U.S.C. § 3663A(a)(1), (c)(1). The convictions in the present case, namely one count of violating 18 U.S.C. § 111(a)(1) for each defendant, does not fall within any of those categories. In particular, a violation of Section 111(a)(1) does not qualify as a crime of violence under 18 U.S.C. § 16. *See*, *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014) ("Because the § 111(a) felony criminalizes a broader swath of conduct than the conduct covered by [U.S.S.G.] § 2L1.2's definition, Dominguez–Maroyoqui's 1996 conviction for assaulting a federal officer is not, categorically, a crime of violence")*.*; *United States v. Juv. Female*, 566 F.3d 943, 947 (9th Cir. 2009) ("assault involving a deadly or dangerous weapon or resulting in bodily injury," under 18 U.S.C. § 111[b], is, categorically, a crime of violence" under 18 U.S.C. § 16(a)). Thus, while the Court has the discretionary authority to order restitution under the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. § 3663, it is not authorized to do so under the MVRA. Nor do the plea agreements here authorize the Court to order restitution under the MVRA, because they do not "specifically state that an offense listed under 18 U.S.C. § 3663A(a)(1) gave rise to the plea agreement." *United States v. Doering*, 759 F.3d 862, 866 (8th 2014).

2

Here, the plea agreements state as follows regarding restitution, in addition to instructions and requirements related to the stated restitution obligation:

> Your client acknowledges that the riot occurred on January 6, 2021, caused as of May 17, 2021, approximately $1,495,326.55 damage to the United States Capitol. Your client agrees as part of the plea in this matter to pay restitution to the Department of Treasury in the amount of $2,000.

ECF No. 119 ¶ 12 and ECF No. 123 ¶ 13. Because the plea agreements do not specifically provide for restitution that results from the defendants' infliction of bodily injury on a victim or include broader language alerting the defendants that they may be subject to restitution other than the $2,000 identified, the defendants have not received adequate notice of additional restitution obligations. *See* Fed. R. Crim. P. 11(k) ("Before the court accepts a plea of guilty… [it] must inform the defendant of, and determine that the defendant understands, … the court's authority to order restitution[.]"). Seeking additional restitution amounts under these circumstances may not be consistent with the language of the plea agreement. *See United States v. Moore*, 703 F.3d 562, 573 (D.C. Cir. 2012); *United States v. Anderson*, 545 F.3d 1072, 1079 (D.C. Cir. 2008); *see generally United States v. Rodgers*, 101 F.3d 247, 253 (2d Cir.1996) ("In determining whether any particular plea agreement has been breached, we look to the reasonable understanding of the parties and resolve any ambiguities in the agreement against the government"). In the present cases, the government did not include language in the plea agreement about the government's ability to seek additional restitution under the Court's discretionary authority under the VWPA should it later learn of additional costs incurred by or on behalf of the victim.

**III.    CONCLUSION**

For the reasons given above, the government is withdrawing its prior request for restitution and requests that the hearing scheduled for December 16, 2022 be vacated.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

BY:     /s/ *Kimberly L. Paschall*
KIMBERLY L. PASCHALL
Assistant United States Attorney
D.C. Bar No. 1015665
601 D St, N.W.,
Washington, D.C. 20001
202-252-2650
Kimberly.paschall@usdoj.gov

*/s/ Cara A. Gardner*
CARA A. GARDNER
Assistant United States Attorney
D.C. Bar 1003793
U.S. Attorney's Office
601 D Street, N.W.
Washington, D.C. 20001
202-252-7009
Cara.Gardner@usdoj.gov